WILLIAM E. COLEMAN, trustee, plaintiff in error, *vs.* AMOS WORRILL *et al.*, defendants in error.

Complainant's bill, filed July 28th, 1873, alleged that he held a mortgage made by one Walker, in 1859, to secure the payment of a note due December 25th, 1860; that at the November term, 1869, of Upson superior court, a rule *nisi* to foreclose was sued out by complainant, but by inadvertence was not served upon the administrator of Walker, who had died in the meantime; that an order was granted at November term, 1870, extending the time of service, and requiring defendant to show cause at the next May term; that this was served on February 1st, 1871; and that defendant had advertised and sold the property on the first Tuesday in February, 1870, complainant having no notice thereof. The prayer was that the mortgage be foreclosed, the sale set aside and the deed canceled, or, in default of this, that the purchase money should be applied to the mortgage:

*Held*, that a demurrer to the bill should have been sustained, both for want of equity and because it was barred by the statute of limitations.

Equity. Mortgage. Statute of limitations. Before Judge WRIGHT. Upson Superior Court. November Adjourned Term, 1875.

Reported in the decision.

SPEER & STEWART; M. H. SANDWICH; E. P. HOWELL, for plaintiff in error.

W. A. HAWKINS; E. W. BECK; J. A. COTTEN, for defendants.

WARNER, Chief Justice.

The complainant filed his bill against the defendants in the superior court of Upson county, on the 28th of July, 1873, in which he alleged that he held a mortgage executed by one Benjamin Walker, in his lifetime, on certain described lands in said county, to secure the payment of a promissory note therein mentioned, dated 29th December, 1859, and due 25th of December, 1860, said mortgage bearing date 29th of December, 1859; that Walker died, but the time of his death is not alleged, and that Worrill became his administrator;

that at the November term, 1869, of Upson superior court, complainant filed his petition for a rule *nisi* to foreclose said mortgage, which was granted, but by some mistake or inadvertence, Worrill, the administrator of Walker, was not served with a copy of said rule *nisi*, but that at the November term of the court, 1870, an order was granted extending the time for service of said rule *nisi* on said Worrill, administrator, and requiring him to show cause, etc., at the next following May term of the court, and which was served on him on the 1st of February, 1871. Complainant also alleges that Worrill, as administrator, after advertising a portion of the lands included in said mortgage, sold the same at administratrator's sale as the property of his intestate, on the first Tuesday in February, 1870, when the defendant, Wilmot, became the purchaser thereof, he being the highest and best bidder; that complainant had no notice of said sale, did not see the advertisement, etc.; that if said sale shall be held valid the further attempt to foreclose his mortgage will be ineffectual, and if invalid, said administrator's sale will be a cloud upon the title of the mortgaged property so that a fair price cannot be obtained for it. Wherefore complainant prayed that Worrill, as administrator, might be decreed to bring into court the purchase money received from the sale of the land, to be applied to the payment of the mortgage debt, if said sale should be held to be valid, but in the event said sale should be held to be invalid, that the same may be set aside and the title papers canceled; and that his said bill may be held and considered as ancillary to said rule for foreclosure, and that both may be tried together.

It appears from the record, that the defendants, at the return term of the bill, filed a demurrer thereto for want of equity, and on the ground that the complainant's claim was barred by the statute of limitations; whereupon the complainant amended his bill by alleging that Beall, the attorney of Worrill, administrator, who was duly employed by him and authorized to make such acknowledgment, did acknowledge service on said rule *nisi* and waive a copy thereof; but it is

not alleged at what time said acknowledgment was made, nor does any such acknowledgment appear on the rule *nisi* attached to the complainant's bill as an exhibit. It further appears from the record before us that at the May term of the court, 1875, the demurrer was heard and overruled, when the defendants tendered their bill of exceptions, which was duly certified and entered of record, as provided by the 4250th section of the Code, and error was assigned thereon by the defendants.

When the case was called for a final hearing thereof, the defendants made a motion, *ore tenus,* to dismiss the complainant's bill for want of equity, which motion the court sustained, and the complainant excepted.

What is the character and object of the complainant's bill when stripped of its unnecessary verbiage and reduced to its simple elements? It is an attempt to transfer an application for the foreclosure of a mortgage from a common law court, in which it was originally commenced according to the complainant's theory, to a court of equity, for foreclosure. In our judgment the court erred in overruling the defendants' original demurrer to the complainant's bill, which is now assigned for error here. There is no allegation that the sale of the land made by the administrator of Walker was not made according to law. If the service was acknowledged by Beall on the rule *nisi,* as alleged in the amended bill, that fact could as well have been proved in the common law court as in a court of equity. But the complainant's cause of action accrued prior to the 1st of June, 1865, and was therefore barred by the statute of limitations of 1869. It is true the complainant filed his rule *nisi* to foreclose his mortgage in November, 1869, but it was not served until the 1st of February, 1871. Beall was not such a *special* attorney of the mortgagor as is contemplated by the statute on whom service could have been legally perfected, even if his acknowledgment of service had appeared on the rule *nisi,* which it does not. There was no suit, therefore, in this case which would take it out of the operation of the act of 1869, according to

the previous rulings of this court: See *George vs. Gardner*, 49 *Georgia Reports*, 441 ; *Ferguson vs. Manchester Manufacturing Company*, 51 *Ibid.*, 609. Inasmuch as no decree could have been made against the defendants on the allegations contained in the complainant's bill, and the court having erred in overruling the original demurrer thereto as contained in the record, there was no error in dismissing it at the hearing.

Let the judgment of the court below be affirmed.